IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HEATHER RUTECKI,

               Plaintiff,

v.                                    CIVIL ACTION NO. 5:05-cv-00226

CSX HOTELS, INC., dba
The Greenbrier Resort,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Objection to [the Magistrate Judge's] Order of December 27, 2006, As Such Relates to the Exclusion of Plaintiff's Equine Expert or Alternatively, To Allow Such Expert to Testify As a Lay Witness [Docket 230]. For the reasons stated below, the Magistrate Judge's order is **AFFIRMED**.

The Court incorporates by reference the procedural history of this case set forth in the Magistrate Judge VanDervort's order, wherein he excludes two of the Plaintiff's experts, including the equine expert who is the subject of this appeal.

Plaintiff had numerous opportunities to make proper expert designations. She did not do so. The last deadline for Plaintiff's expert disclosures was September 14, 2006. No designation was made at that time, but her new counsel asked for additional time, including a new expert disclosure deadline for Plaintiff of October 13. Counsel's October 13 date came and went with no designation. A week later, she named her equine expert, but failed to provide a report with information required by FED. R. CIV. P. 26(a)(2). On October 26, discovery closed. Next, the Court held a conference

on December 12, 2006 to consider, among other things, Plaintiff's motions for additional time, which she said at that time she did not want.  No mention was made of late designation of experts at the conference.  Within a week thereafter, however, and nearly two months after the close of discovery, a report was produced from Plaintiff's equine expert.

On December 27, 2006, Magistrate Judge VanDervort entered an order excluding Plaintiff's expert witnesses because their disclosures were untimely filed, incomplete, and finding that Plaintiff's failures were neither substantially justified nor harmless.  Plaintiff appealed[1] the Magistrate Judge's ruling on January 11, 2007, as it pertained to her equine expert, Ms. Ellen Fischer.  "Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge's order on a non-dispositive matter shall not be modified or set aside unless it is 'clearly erroneous or contrary to law.'"  *Marks v. Global Mortgage Group, Inc.,* 218 F.R.D. 492, 495 (S.D. W. Va. 2003) (Goodwin, J.).  This Court "should reverse a magistrate judge's decision in a discovery dispute as 'clearly erroneous' only if the district court is left with a definite and firm conviction that a mistake has been made."  *Id.*

The Court finds that no mistake has been made and largely adopts the findings of the Magistrate Judge.  With trial five days away, Plaintiff argues that her failure to disclose her expert's opinion to Defendant was harmless as contemplated by Rule 37(c)(1).  The Court disagrees.  By the extremely untimely disclosure, Plaintiff has neither given Defendant a sufficient opportunity to depose her proposed expert, nor given Defendant the opportunity to retain an expert of its own to

---

[1] Plaintiff styles her appeal as an "Objection".

address the issues raised in her report.[2] Furthermore, the report contains no indication of the standard by which the expert arrived at her opinion. Responding to Plaintiff's expert cannot be done effectively in such a short period of time. Plaintiff argues that each of the five factors discussed in *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003) weigh in her favor. However, she cites no law in support of her argument, which falls far short of the mark.

This Court generally adopts the analysis of the Magistrate Judge under *Southern States*. The only new circumstance since the Magistrate Judge's order is that Plaintiff has now provided the tardy report from her equine expert, which may or may not be adequate. However, this report was produced so late that it does not substantively change the analysis of the case under *Southern States*. While the equine expert's testimony might be helpful and potentially important to Plaintiff's case under the fourth factor of *Southern States*, that is difficult to appropriately assess at this late date and without the benefit of a deposition and, potentially, an opposing expert's designation by the Defendant.

Plaintiff was given ample opportunity to disclose her expert's report. This case has been pending for nearly two years. At the conference held on December 12, 2006, the Court asked Plaintiff about the pending Motion to Stay and to Modify the Second Amended Scheduling Order and whether Plaintiff needed additional time in light of the approaching January 17, 2007 trial date. Plaintiff represented that she wanted to keep the trial date, even though no expert report had been

---

[2] Incredibly, Plaintiff suggests that Defendant could use one of its equestrian employees as an expert. However, it is the Defendant, not the Plaintiff, who selects the defense experts, and Defendant should have adequate time to do so.

made available to Defendant.[3]  Therefore, Plaintiff had her opportunity to ask for more time to comply with the Federal Rules of Civil Procedure and the Scheduling Order of this Court.[4]  She declined.

Magistrate Judge VanDervort's order to exclude her expert witnesses is neither clearly erroneous nor contrary to law, and is hereby **AFFIRMED**. [5]

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     January 12, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff did, however, ask for permission to file a supplemental response to Defendant's outstanding summary judgment motion, which the Court granted.  In her response, Plaintiff made no mention of an expert report.

[4] The Court notes that this is not the first time Plaintiff has failed to fulfill her discovery obligations. On November 13, 2006, Magistrate Judge VanDervort entered an order granting Defendant's motion to compel and sanctions because Plaintiff revoked the general medical authorization prepared by her attorney and failed to produce financial documents.  Additionally, Plaintiff was ordered to submit to an orthopedic exam.  Following the order, Plaintiff failed to show at her examination.

[5] As Plaintiff's alternative request, raised in her appeal of the Magistrate Judge's order, to allow the equine expert to testify as a lay witness was raised for the very first time in this appeal, and because it is outside of the scope of the Magistrate Judge's order and the appeal therefrom, the Court will **DEFER** a ruling on that request at this time, until such time as the Defendant has an adequate opportunity to respond, if it so chooses.